**MICROPOINT, INC.**

v.

**UNITED STATES.**

**Court No. 75–10–02567.**

United States Customs Court.

Dec. 27, 1976.

Ian G. Allen, Sunnyvale, Cal., for plaintiff.

**570**

Rex E. Lee, Asst. Atty. Gen., Washington, D. C. (Sidney N. Weiss, New York City, trial attorney), for defendant.

## MEMORANDUM OPINION AND ORDER

### WATSON, Judge.

Plaintiff filed a protest against the classification of two entries of its merchandise, which protest was eventually approved by the Customs Service. In the approximately two-year interim before it was approved, evidently acting under the impression the first protest was sufficient to protect its rights regarding later entries of the same merchandise, plaintiff did not protest their classification within 90 days of their liquidation. Then, after the success of its first protest and more than 90 days after liquidation, plaintiff filed protests against the classification of the "interim" entries, following which the protests were denied as untimely.

Defendant now moves to dismiss for lack of jurisdiction the civil action brought to contest the denial of these protests. Defendant relies on the untimeliness of the protests. Plaintiff asserts its initial protest was sufficient to preserve its rights with regard to all its later importations and further argues that the relevant language of section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514) is so vague and ambiguous it does not adequately inform the plaintiff of what must be done to protect its rights and therefore deprives it of due process of law in violation of the fifth amendment of the United States Constitution.

■ In 19 U.S.C. § 1514,* the statute, in relevant part, speaks of "decisions" of the appropriate customs officer; first that the decisions shall be final unless protested and then that a protest shall set forth distinctly and specifically each decision to which it is addressed. Included in the variety of decisions which become final unless protested are the classification of the merchandise and the liquidation of an entry. I think it is reasonably clear the "decisions" of which the statute speaks are acts which relate to specific existing entries of merchandise. While it may be within the realm of possibility for an importer to gain the impression the first decision is the only decision of importance, I don't think a fair and reasonably careful reading of the statute will support that impression. Unconstitutional vagueness exists when those whose conduct is affected by the statute can only guess at what it means not merely when the statute is the subject of an occasional misinterpretation.

■ The occurrence of such a mistake may point to the need for greater precision or superior clarity of expression but it does not, standing alone, point to a vagueness repugnant to the due process clause of the fifth amendment. The Constitution does not require perfection of expression, which is a rare accomplishment indeed, but only a degree of expression sufficient to communicate adequately when measured by common understanding and practices. *Association of American Physicians and Surgeons v. Weinberger*, 395 F.Supp. 125, 138 (N.D.Ill.

* The relevant portion of the statute reads as follows:

(a) * * * [D]ecisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

* * * * * *

(2) the classification and rate and amount of duties chargeable;

* * * * * *

(5) the liquidation or reliquidation of an entry, or any modification thereof;

* * * * * *

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Customs Court in accordance with section 2632 of Title 28 within the time prescribed by section 2631 of that title. * * *

(b) * * *. (1) A protest of a decision under subsection (a) of this section shall be filed in writing with the appropriate customs officer designated in regulations prescribed by the Secretary, setting forth distinctly and specifically each decision described in subsection (a) of this section as to which protest is made; each category of merchandise affected by each such decision as to which protest is made; and the nature of each objection and reasons therefor. * * *

1975). See generally, *United States v. Petrillo*, 332 U.S. 1, 5–8, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947).

■ As the statute stands I believe it is, if not pellucid, at least clear that the decisions of which it speaks are those the appropriate customs officer makes with respect to pre-existing entries and are final as against everyone, including the government, unless a protest is filed within 90 days of liquidation of the entry to which the decision relates. It is further clear that a protest must relate to and specify the decisions at issue as they are embodied in a liquidated entry. Neither the decisions nor the protests have any effect beyond the existing entries to which they refer. In a legal as well as practical sense each entry is a separate event and I think this is understandable from the language of the statute.

Since the single timely protest which plaintiff filed related only to the entries referred to therein and had no prospective effect on later entries and since the protests at issue herein were ultimately filed beyond the time limit allowed by the statute, defendant's motion to dismiss for lack of jurisdiction must be granted.

It is therefore,

ORDERED, ADJUDGED AND DECREED that this action be dismissed for lack of jurisdiction.